# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PABLO ESTRADA, Inmate #B50768,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM HAMBY, GAIL BROSHEARS, | ) |
| LINDA RUNGE, CLEVELAND | ) |
| RAYFORD, MICHAEL L. HOLMES, R. | ) |
| RANDALL, K. AKARIGHT, G. BROWN, | ) |
| P. WALKER, K. LIVELY, N. PUCKETT, | ) |
| GINA HARRIS, R. ADAMS, P. ROPER, N. | ) |
| BEATY, DR. KORMAN, LT. MEADOWS, | ) |
| LT. BOWERS, SGT. JENNS, HERMITZ, | ) |
| THOMPSON, DAVID MANN, S.K. | ) |
| GHOSH, MIDWEST ENT CLINIC, | ) **CIVIL NO. 04-434-MJR** |
| SHELTON, H. HANKS, A. BROOKS, R. | ) |
| KELLY, SELBY, GAYNOR, J. | ) |
| COCHRANE, T. YATES, WEXFORD | ) |
| HEALTH SOURCES, INC., K. | ) |
| SCHWARTZ, WATTS, H. COTTON, | ) |
| MAX BUTLER, DIAMOND PHARMACY | ) |
| SERVICES, WYDECK, GEORGE, DR. | ) |
| SANTOS, STANHOUSE, M. HELD, D. | ) |
| OWENS, DEBBIE ISAACS, DR. SHAW, | ) |
| D. ELYEA, B. SHELTON, MARGE | ) |
| HOLMES, and MAJOR | ) |
| PHARMACEUTICALS, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff, a former inmate in the Big Muddy River Correctional Center[1] and current inmate

---

[1] All of Plaintiff's claims involve prison officials, employees, and events at Big Muddy River Correctional Center.

in the Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Holmes and Hamby for failure to treat his hernia.

**COUNT 2:** Against Defendant Simpson for failure to protect him from harm by another inmate.

**COUNT 3:** Against unspecified medical personnel at Big Muddy River Correctional Center for scheduling Plaintiff "last" to receive his insulin injections.

**COUNT 4:** Against unspecified medical personnel at Big Muddy River Correctional Center for giving him the wrong medication for an ear infection.

**COUNT 5:** Against unspecified nurses at Big Muddy River Correctional Center for retaliating against him for filing grievances.

**COUNT 6:** Against unspecified security personnel at Big Muddy River Correctional Center for refusing to allow or discouraging trips to the Health Care Unit.

**COUNT 7:** Against Defendant Broshears for taking and opening his privileged mail.

**COUNT 8:** Against Defendant Wexford Health Services for denying him medical treatment and employing improperly trained medical staff.

**COUNT 9:** Against Defendants Yates, Beaty, Lively, Cochrane, and Margie Holmes for discriminating against him.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that Defendants Holmes and Hamby denied him medical treatment for a hernia. He provides no other details.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S.

> at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*,

82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Although Plaintiff's allegations are vague, they are sufficient to state a claim of deliberate indifference. Accordingly, Count 1 as to Defendant Hamby cannot be dismissed from the action at this point in the litigation. *See* 28 U.S.C. §1915A. However, Plaintiff has listed two defendants by the name of Holmes in the caption of the complaint: Michael Holmes and Marge Holmes. He does not state which Holmes denied him treatment for his hernia. As such, the unspecified Defendant Holmes is dismissed as a defendant. Plaintiff may amend his complaint to state which Holmes denied him medical care.

## COUNT 2

Plaintiff has a prison job as a porter. He sweeps, mops, and wipes down walls in the prison. Because Plaintiff is confined to a wheelchair, Defendant Simpson hired another inmate to push Plaintiff so that he can do his job. Plaintiff states that the inmate pushing his wheelchair intentionally pushed him into a door, causing injury. Plaintiff states that he told Defendant Simpson that the inmate/pusher was trying to hurt him, but she did nothing to prevent the accident. Plaintiff argues that Defendant Simpson failed to protect him from the harm that occurred and failed to properly train the inmate/pusher.

A prison official violates the Eighth Amendment when he is deliberately indifferent to a

substantial risk of serious harm to an inmate. *See Payne for Hicks v. Churchich*, 161 F.3d 1030, 1040 (7th Cir. 1998). That official will be liable only if he or she "knows of and disregards and excessive risk to the inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Based on Plaintiff's allegation that he warned Defendant Simpson that the inmate was trying to harm him, Count 2 cannot be dismissed from the action at this time. *See* 28 U.S.C. §1915A.

## COUNT 3

Plaintiff states that unnamed nurses have "made this Plaintiff last as far as receiving his insulin injections on time." Plaintiff does not state that he did not receive insulin injections, but that he was last to receive them. Based on the legal standards outlined above in Count 1, Plaintiff has failed to state a claim of deliberate indifference. Delay may under certain circumstances constitute deliberate indifference. However, here, Plaintiff's allegation that he is last to receive insulin injections, without an allegation that he did not receive them at all or without an allegation as to the Defendants' culpable state of mind, does not show that Defendants knew of or disregarded an excessive risk to Plaintiff's health or safety. Accordingly, Count 3 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. §1915A.

## COUNT 4

Plaintiff states that unspecified medical staff gave him eardrops for an ear infection but that the eardrops were the "wrong medication" and caused his ear to burn. Under the standards described in Count 1, Plaintiff may have stated a claim for deliberate indifference. However, the claim must fail because Plaintiff has not named any defendants responsible for providing him with the wrong medication, despite the extensive list of fifty defendants in the caption.

The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to

liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) ("short and plain" statement of claim suffices under Fed. R. Civ. P. 8 if it notifies defendant of principal events upon which claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the name of a potential defendant in the caption of the complaint is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Accordingly, this Count 4 is **DISMISSED** from the action without prejudice to Plaintiff's amending the complaint to include the names of defendants involved in providing him with the wrong medication.

## COUNT 5

Plaintiff states that unspecified nurses have retaliated against him for filing grievances critical of the Health Care Unit at Big Muddy River Correctional Center.  Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Here, Plaintiff's claim must fail for two reasons. First, Plaintiff has not stated any specific actions taken against him in retaliation. Although the pleading requirements for a retaliation claim are minimal, a Plaintiff is still required to state the actions taken against him in retaliation. *See Hoskins*, 320 F.3d at 764 ("short and plain" statement of claim suffices under Fed. R. Civ. P. 8 if it notifies defendant of principal events upon which claims are based). However, even if Plaintiff could state a claim without stating the actions taken in retaliation, as noted above in Count 4, Plaintiff here has failed to name any specific defendants who retaliated against him. Accordingly Count 5 is **DISMISSED** without prejudice to Plaintiff amending the complaint to name the defendants who acted in retaliation and the actions they took.

### COUNT 6

Plaintiff states that prison security denied Plaintiff access to the Health Care Unit after lockdown of the institution at 9:30 P.M. even after Plaintiff informed them he was lightheaded and in pain. Plaintiff also states that unnamed guards discourage inmates from going to the Health Care Unit at all by telling them they will receive a disciplinary ticket when they get back.

Although denial of access to medical care may state a claim of deliberate indifference to a serious medical need (*see* Count 1, above), as in Counts 4 and 5, Plaintiff here has failed to state a claim because he has not named any defendants who denied or attempted to deny him access to medical care. As stated in those counts, a complaint must be sufficient to put a defendant on notice of the claims against him. In addition, Plaintiff has not provided any dates on which these events occurred. Because of this, even if Plaintiff were to name specific defendants responsible, they may not be able to properly answer the complaint because of its lack of specificity. Accordingly, Count 6 is **DISMISSED** without prejudice to the Plaintiff naming the defendants who denied or attempted

to deny him access to medical care in this manner and specifically when this occurred.

### COUNT 7

Plaintiff states that the Health Care Administrator (listed in the caption as Defendant Broshears) took and opened Plaintiff's privileged mail.

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). However, "isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference," *see Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987); *see also Bryant v. Winston*, 750 F.Supp. 733 (E.D. Va. 1990) (inadvertent or negligent opening of an occasional legal letter is not actionable). Furthermore, "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782. Finally, Plaintiff has not made any showing that he was harmed in any way. Thus, no constitutional violation occurred. Accordingly, Count 7 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. §1915A.

### COUNT 8

Plaintiff states that Defendant Wexford Health Services denied him medical treatment and

further, that the doctors and nurses employed by Wexford are not properly trained.  Although Plaintiff here names a defendant, his claim is vague in that he does not provide any dates or any specifics about how he was denied medical treatment.  However, the Court is required to liberally construe the complaint of a pro se plaintiff.  *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (less stringent standards for pro se complaint).  Based on these considerations and the standards outlined in Count 1, above, the Court cannot dismiss this claim at this point in the litigation.  *See* 28 U.S.C. §1915A.

### COUNT 9

Finally, Plaintiff states that he was "discriminated against" by Defendants Yates, Margie Holmes, Beaty, Lively, and Cochrane.  He provides no additional details. The facts stated by Plaintiff most closely resemble an equal protection claim.

> [T]he "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers...."  *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970).  A plaintiff "must demonstrate intentional or purposeful discrimination" to show an equal protection violation.  *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam).  "'Discriminatory purpose' however, implies more than intent as volition or intent as awareness of consequences."  *Personnel Administrator of Massachusetts v. Feeny*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979).  It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group.  *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

*David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988).  Because Plaintiff has offered no details to describe the "discrimination" he endured, he has failed to demonstrate intentional or purposeful discrimination as required to state an equal protection claim.  Accordingly, Count 9 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. §1915A.

### SUMMARY AND CONCLUSION

In summary, Plaintiff may proceed against the following defendants on the following claims: against Defendant Hamby on Count 1; against Defendant Simpson on Count 2; and against Defendant Wexford Health Services on Count 8. All other Counts are **DISMISSED** from the action as specified above. Because all claims against them were dismissed from the action, the following are **DISMISSED** as defendants from the action: Beaty, Broshears, Cochrane, Margie Holmes, Lively, and Yates. Because claims were not stated against any of them, all of the following defendants named in the caption are **DISMISSED** from the action: Adams, Akaright, Bowers, Brooks, Brown, Butler, Cotton, Diamond Pharmacy Services, Elyea, Gaynor, George, Ghosh, Hanks, Harris, Held, Hermitz, Michael Holmes, Isaacs, Jenns, Jones, Kelly, Korman, Lynch, Major Pharmaceuticals, Mann, Meadows, Midwest ENT Clinic, Owens, Puckett, Randall, Rayford, Roper, Runge, Santos, Schwartz, Selby, Shaw, Shelton, B. Shelton, Stanhouse, Thompson, Wahl, Walker, Watts, Wyatt, and Wydeck.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendant *Hamby* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **1** USM-285 form with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Hamby, Simpson, and Wexford Health Services*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Hamby, Simpson, and Wexford Health Services* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting

service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**OUTSTANDING MOTIONS**

Still pending before the Court are Plaintiff's Motion for Status (Doc. 8) and Plaintiff's

Motion to Serve Defendants (Doc. 9).  Because the Court has now completed its threshold review and has ordered service upon defendants, both motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 7th day of July, 2006.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**