IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

PABLO ESTRADA,                          )
                                        )
                    Plaintiff,          )
                                        )
       v.                               )          No. 04-434-MJR
                                        )
WILLIAM HAMBY, et al.                   )
                                        )
                    Defendants.         )

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are two similar motions filed by plaintiff seeking leave to amend his complaint "to clarify the records," which plaintiff asserts will permit the Court to determine which claims to allow and which to deny. **(Docs. 23 and 25).** Plaintiff has not submitted a proposed amended complaint, as required by Local Rule 15.1.

Also before the Court is plaintiff's motion for an extension of time to file an amended complaint. **(Doc. 24).**

A review of the record reveals that U.S. District Judge Michael J. Reagan has already reviewed the complaint in accordance with 28 U.S.C. 1915A, and dismissed several claims, some with prejudice, others without prejudice. **(Doc. 10).** Thus, the Court has already determined which claims to allow to proceed, and which to dismiss. However, the Court did authorize plaintiff to amend his complaint to clarify whether Michael Holmes or Marge Holmes denied him medical care with respect to Count 1. **(Doc.10, p. 5).** In addition, with respect to Count 4, the Court invited plaintiff to amend his complaint to specify which of the fifty named defendants allegedly provided him with the wrong medication. **(Doc. 10, p. 7).** Similarly, the Court invited plaintiff to amend his complaint to specify which of the fifty named defendants

allegedly retaliated against him, and what acts form the basis of the claim.  **(Doc. 10, p. 8).**

Plaintiff was also invited to amend Count 6 to identify the defendants involved and give a more

definite statement of the claim of denial of access to medical care.   **(Doc. 10, pp. 8-9).**

Therefore, amendment of the complaint is warranted, but without a proposed amended complaint

(in the form required by Local Rule 15.1[1]) for review, the Court cannot grant plaintiff blanket

permission to file an amended complaint.

     **IT IS THEREFORE ORDERED** that plaintiff's motions for leave to amend and

supplement his complaint **(Docs. 23 and 25)** are **DENIED**, as plaintiff has failed to comply with

Local Rule 15.1.

     **IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to file an

amended complaint **(Doc. 24)** is **GRANTED**, in that plaintiff shall have until **February 14,**

**2007**, to file a motion for leave to amend his complaint, and submit a proposed amended

complaint in compliance with Local Rule 15.1.

     **DATED: January 30, 2007**

                                    **s/ Clifford J. Proud**         
                                      **CLIFFORD J. PROUD**
                                      **U. S. MAGISTRATE JUDGE**

---

[1]

    The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material in an amended pleading should be underlined. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by an amendment, it is sufficient that the number of the designated count or paragraph identifying the amendment be underlined.

**Local Rule 15.1.**