IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**PABLO ESTRADA**,

   Plaintiff,

v.          Civil Case No. **04-434-MJR**

**WILLIAM HAMBY, et al.**,

   Defendants.

## ORDER

**PROUD, Magistrate Judge:**

  Before the Court is plaintiff Estrada's motion for reconsideration of the denial of his motion "To Stay All Proceedings," which actually sought a 120-day extension of time to respond to the motion for summary judgment filed by defendants Selby, Spence, Hanks, Brooks, Gaynor, Shelton, Holmes and Roper. **(Doc. 204)**. Also before the Court is a second motion to stay. **(Doc. 203)**. Plaintiff cites a myriad of seemingly serious health conditions that are preventing him from efficiently litigating this action. Therefore, the subject motion **(Doc. 204)** will be granted, in that the Court will reconsider the request for a stay and/or how to best proceed with litigation.

  There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, **953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-

1

month period.  **Local Rule 83.1(i).**  The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?"  *Farmer v. Haas,* **990 F.2d 319, 322 (7th Cir. 1993)**; *see also Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005);** *see also Pruitt v. Mote*, **503 F.3d 647 (7th Cir. 2007).**  The Court of Appeals for the Seventh Circuit recently clarified in *Pruitt v. Mote* that relevant inquiry is whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial.  *Id.*

Although plaintiff has demonstrated that he is more than capable of articulating his position, his current health problems have so impeded the progress of this case that the interests of justice and judicial economy dictate that counsel should be appointed to represent plaintiff. Obviously, newly appointed counsel will require a brief period of time to consult with plaintiff and prepare a response to the pending dispositive motions **(Docs. 183 and 195)**, so in that respect the Court will grant an extension of time.  Now that plaintiff has appointed counsel, there is no apparent reason to stay proceedings.  At this juncture, discovery has closed and once the dispositive motions are decided, this action should proceed quickly to trial.

    **IT IS THEREFORE ORDERED** that:

(1)    Plaintiff's motion to reconsideration **(Doc. 204)** is **GRANTED,** in that the Court will reconsider the request for a stay and/or for an extension of time.

(2)    Attorney **Erin Marie Phillips**, of Unsell, Schattnik, et al., 55 South Ninth Street, East Alton, IL 62024, is **APPOINTED** to represent plaintiff for the remainder of the proceedings in the District Court.  On or before **August 29, 2008**, appointed counsel should enter her appearance in this action.  Contact chambers at 618-482-9106  if further assistance or clarification is required.

(3)    Plaintiff's motion to stay proceedings and/or for an extension of time to respond to the pending dispositive motions **(Doc. 203)** is **GRANTED IN PART AND DENIED IN PART**, in that proceedings will <u>not</u> be stayed, but plaintiff shall

have until **October 31, 2008**, to respond to the pending dispositive motions **(Docs. 183 and 195)**.

**IT IS SO ORDERED.**

**DATED: August 20, 2008**

                **s/ Clifford J. Proud**
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**