IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

PABLO ESTRADA, )
)
        Plaintiff, )
)
v. ) Civil Case No. **04-434-MJR**
)
WILLIAM HAMBY, et al., )
)
        Defendants. )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Defendants Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton, Michael Holmes and Paula Roper are before the Court moving for summary judgment. **(Doc. 183).** This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## The Amended Complaint

Plaintiff Pablo Estrada, who is an inmate in the custody of the Illinois Department of Corrections, alleges that his constitutional rights were violated in numerous ways while he was incarcerated at Big Muddy River Correctional Center between February 1998 and April 2004. **(Doc. 64).** Plaintiff filed the amended complaint himself, but the Court has since appointed counsel to represent plaintiff. In relevant part, the amended complaint alleges the following:

    Count 1:    Defendant Warden Michael Holmes was deliberately indifferent to plaintiff's need for surgery to repair a hernia;

    Count 5:    Defendant Correctional Officers Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton and Paula Roper retaliated against plaintiff for filing grievances by making plaintiff last in the medication and insulin line(s), and by filing false disciplinary reports

1

      against plaintiff; and

Count 6:  Defendant Correctional Officers William Spence and Allen Brooks were deliberately indifferent to plaintiff's serious medical needs when they repeatedly failed to allow plaintiff to go to the health care unit when he needed medical care.

**(Doc. 64; *see also* Doc. 215, p. 2; and Doc. 184, pp. 1-3).**

## The Issues Presented

Defendants Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton, Michael Holmes and Paula Roper make the following arguments for summary judgment:

1. Defendant Warden Michael Holmes argues that he was not deliberately indifferent because medical professionals, not he, determined plaintiff's care and treatment;

2. Defendant Correctional Officers William Spence and Allen Brooks argue that they were not deliberately indifferent because:

    (a) Plaintiff has not been able to specify dates when he was denied access to the health care unit;

    (b) Plaintiff has filed to provide medical evidence of any injury attributable to the alleged delay; and

    (c) Spence and Brooks are not responsible for scheduling doctor appointments and they have never taken the initiative to cancel such appointments;

3. Defendant Correctional Officers Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton and Paula Roper contend plaintiff cannot establish his retaliation claim because:

    (a) Inmates are taken to the insulin line based on housing unit and then in alphabetical order;

    (b) Any delay in plaintiff receiving his insulin was de minimis; and

    (c) Plaintiff was issued only one disciplinary ticket, by defendant Gaynor, and it was actually only a reprimand for which plaintiff lost no privileges;

4. The defendants are each entitled to qualified immunity; and

5. All claims against the defendants in their official capacities are barred by the Eleventh Amendment.

**(Docs. 183 and 184).**

Plaintiff filed a response[1], to which the defendants replied. **(Docs. 215 and 218).** The parties' points and counterpoints will be addressed within the analysis of each argument for summary judgment.

## Standard for Summary Judgment

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Fed. R. Civ. P. 56(c);** *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986).** The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert,* **192 F.3d 616, 621-622 (7th Cir. 1999).** The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.,* **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park,* **195 F.3d 333, 337-338 (7th Cir. 1999).** In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings. Rather, the nonmovant must show

---

[1] Plaintiff's motion makes reference to desiring more time for discovery. At the time counsel was appointed to represent plaintiff, the discovery period had closed– after two years in which to conduct discovery. Plaintiff and his attorney were granted additional time to file a response to the motion for summary judgment, and a second extension was also granted. **(Docs. 206, 209 and 214).**

through specific evidence that an issue of fact remains on matters for which the nonmovant bears the burden of proof at trial. **Walker v. Shansky, 28 F.3d 666, 670-671 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324).**

No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 249-250 (1986) (citations omitted);** *accord Starzenski v. City of Elkhart*, **87 F.3d 872, 880 (7th Cir. 1996);** *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174, 178 (7th Cir. 1994).** "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks v. Samsung Heavy Industries Co., Ltd.*, **126 F.3d 926, 939 (7th Cir. 1997).** In other words, summary judgment may not be averted merely by the non-moving party "baldly contesting his adversary's factual allegations," but instead, the plaintiff must come forth with probative evidence to substantiate the allegations of the complaint. *Oates v. Discovery Zone,* **116 F.3d 1161, 1165 (7th Cir. 1997) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).**

<u>Analysis</u>

**<u>Count 1 and Defendant Holmes</u>**

Count 1 alleges that defendant Warden Michael Holmes was deliberately indifferent to plaintiff's need for surgery to repair a hernia. In *Estelle v. Gamble,* 429 U.S. 97(1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty upon states to provide adequate medical care to incarcerated

4

individuals. *See id.* **at 103;** *see also Walker v. Benjamin,* **293 F.3d 1030, 1036-1037 (7th Cir. 2002).** However, an inmate is not entitled to demand specific care, nor is he entitled to the best care available. *Forbes v. Edgar,* **112 F.3d 262, 267 (7th Cir. 1997).** To create a violation by failing to provide medical care, there must be "deliberate indifference" to a substantial risk of harm. *Sherrod v. Lingle,* **223 F.3d 605, 610 (7th Cir. 2000) (citing** *Farmer v. Brennan,* **511 U.S. 825, 837 (1994)).** This standard erects two high hurdles which every inmate-plaintiff must clear. *Dunigan v. Winnebago County,* **165 F.3d 587, 590 (7th Cir. 1999).** The plaintiff must show: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod,* **223 F.3d at 610.**

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters,* **111 F.3d 1364, 1373 (7th Cir. 1997).** "A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder***, 546 F.3d 516, 522 (7th Cir. 2008).**

To show deliberate indifference, a plaintiff must establish that the prison official "was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed" to his health. *Perkins v. Lawson,* **312 F.3d 872, 875 (7th Cir. 2002) (citing** *Wynn v. Southward,* **251 F.3d 588 (7th Cir. 2001)).** The Court of Appeals for the Seventh Circuit has said that deliberate indifference requires a showing of more than mere negligence (or even gross negligence) but less than purposeful infliction of harm. *Woodward v. Correctional Medical Services of Illinois, Inc., 368* **F.3d 917, 926-927 (7th Cir. 2004) (citing**

5

*Matos ex rel. Matos v. O'Sullivan,* 335 F.3d 553, 557 (7th Cir. 2003); *Perkins,* 312 F.3d at 875.

As a preliminary matter, it is noted that plaintiff is confined to a wheelchair. **(Doc. 195-8, p. 15).** Plaintiff had hernia repair on his right side in 1995. **(Doc. 195-8, pp. 2-3).** In March 2003, plaintiff complained to medical personnel about what he characterized as a hernia. **(Doc. 195-9, p. 9).** Plaintiff again complained of a growing hernia with pinching pain in January 2004. **(Doc. 195-11, pp. 12-13).** It appears that medical personnel at Big Muddy River Correctional Center never diagnosed plaintiff as having a new or reoccurring hernia during the relevant time period; therefore, plaintiff was not treated for a hernia. **(*See* Docs. 195-8– 195-11 (Affidavit of Dr. Hamby and summary of medical records)).** Defendant Holmes does not specifically take issue with plaintiff's claimed hernia; therefore, plaintiff's allegation is taken as true at this juncture. As a general principle, a hernia qualifies as an objectively serious medical condition, even though certain hernias may be conservatively treated. **See *Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006) (categorizing hernias and the corresponding standard treatment).** Therefore, it is accepted for purposes of this motion that plaintiff had a serious medical need.

Defendant Warden Holmes, citing *Spruill v. Gillis*, 372 F.3d 218 (3rd Cir. 2004), argues that plaintiff was under the care of prison medical professionals, and they determined what care was given. *Spruill* holds that non-medical prison officials will generally be justified (and thereby escape liability) in believing the inmate is in capable hands. In *Hayes v. Snyder*, 546 F.3d 516, 526-527 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit discussed how, although the circuit had generally adopted *Spruill*, *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005), non-medical defendants must still investigate the inmate's complaints and ensure the inmate is referred to the appropriate medical providers. More to the point, in *Hayes* the appellate court

observed that non-medical prison officials may still be liable where they know or have a reason to believe that the prison medical providers are mistreating or not treating a prisoner. **Hayes, 546 F.3d at 527.**

There does not appear to be any dispute that Warden Holmes is not a medical professional, although Holmes has not provided an affidavit to that effect. There is also no apparent dispute that Holmes was on notice of plaintiff's complaints that his hernia was not being treated properly. The affidavits of Dr. Hamby and health care administrator Debbie Isaacs establish that plaintiff was under the care of medical professionals at all relevant times. (***See*** **Docs. 195-8– 195-11; and Doc. 184-8, p. 7).** However, without Warden Holmes' affidavit or other evidence, questions of material fact remain regarding exactly what Holmes knew and what he did relative to ensuring medical providers were properly addressing plaintiff's complaints of a hernia. Because, in the absence of sufficient evidence to the contrary, the plaintiff is given the benefit of the doubt, Count 1 against defendant Holmes must proceed to trial.

### Count 6 and Defendants Spence and Brooks

Count 6 alleges that defendant Correctional Officers William Spence and Allen Brooks were deliberately indifferent to plaintiff's serious medical needs when they repeatedly failed to allow plaintiff to go to the health care unit when he needed medical care. As set forth in greater detail above, the Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty upon states to provide adequate medical care to incarcerated individuals. ***Estelle v. Gamble,*** **429 U.S. 97(1976).** Delay in providing medical care can also violate the Eighth Amendment. ***Langston v. Peters***, **100 F.3d 100 F.3d 1235, 1240 (7th Cir. 1996).** In a delay situation, medical evidence is required to verify the resulting harm caused by the delay. ***Id.***

The defendants do not take issue with whether the alleged delay(s) implicated a serious medical need, so a serious medical need is assumed for purposes of this motion. Similarly, if viewed as a delay scenario, the Court will assume the required resulting harm.

Defendants note that during his deposition plaintiff could not recall any specific dates when Spence and/or Brooks prevented him from going to the health care unit. **(Doc. 184-3, p. 4).** However, plaintiff's affidavit indicates Spence and Brooks would not allow him to go to the health care unit when he felt ill, and Spence always denied his requests to go to the health care unit after lockdown. **(Doc. 215-2, p. 3).** In his motion, plaintiff suggests that Spence and/or Brooks did not allow him to go to the health care unit on January 17, 2004, when plaintiff vomited all night long. **(Doc. 215, p. 6).** However, plaintiff's affidavit states only that "the Correctional Officer on duty" would not allow him to go to the health care unit— not specifying Spence or Brooks. **(Doc. 215-2, p. 9).**

*Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983), stresses that "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a [Section] 1983 action unless he caused or participated in an alleged constitutional deprivation." ***See also McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir.1982).** The Court is unaware of any requirement that plaintiff know the specific date that he was denied access to the health care unit, and the defendants offer no authority for that proposition. Of course, not knowing precisely when Spence and Brooks violated plaintiff's constitutional rights will surely be a factor for the jury to consider when weighing credibility, liability and damages. Depending on the whole plaintiff's case, the issue may not even make it to the jury, but at this juncture, plaintiff's affidavit, as broad and vague as it is, is sufficient to stave off the

8

defendants' motion for summary judgment.

The defendants' affidavits indicate that they were not responsible for scheduling appointments at the health care unit, and they never took the initiative to cancel any inmates' appointments. **(Doc. 184-8, pp. 1-2).** However, because summary judgment does not allow for credibility determinations, plaintiff's affidavit must be afforded equal weight. Therefore, material questions of fact remain which preclude summary judgment on Count 6.

**Count 5 and Defendants Selby, Spence, Hanks, Brooks, Gaynor, Shelton and Roper**

Count 5 alleges that defendant Correctional Officers Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton and Paula Roper retaliated against plaintiff for filing grievances by making plaintiff last in the medication and insulin line(s), and by filing false disciplinary reports against plaintiff. The defendants contend plaintiff cannot establish his retaliation claim because:

(a) Inmates are taken to the insulin line based on housing unit and then in alphabetical order;

(b) Any delay in plaintiff receiving his insulin was de minimis; and

(c) Plaintiff was issued only one disciplinary ticket, by defendant Gaynor, and it was actually only a reprimand for which plaintiff lost no privileges;

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, **288 F.3d 1005 (7th Cir. 2002);** *DeWalt v. Carter*, **224 F.3d 607 (7th Cir. 2000);** *Babcock v. White*, **102 F.3d 267 (7th Cir. 1996);** *Cain v. Lane*, **857 F.2d 1139 (7th Cir. 1988).** To establish a First Amendment claim of retaliation for exercising free speech, an inmate must allege a chronology of events from which retaliation can be inferred, and prove both that his grievances were the

motivating factor behind the defendant's conduct, and that things would have transpired differently absent the retaliatory motive. ***Hasan v. Department of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).**

The affidavit of defendant Correctional Officer Jarrod Selby, who is in charge of running the insulin and medication lines, describes the movement of the line on May 14, 2003. **(Doc. 184-8, pp. 3-4).** The affidavit generally supports the defendants' assertion that inmates are taken to the insulin line based on housing unit and then in alphabetical order. However, as plaintiff notes, the affidavit and sample movement chart are for only one date and do not establish how lines were run on every date at issue in this action. The affidavit does not actually even state that lines are always run in the manner they were run on May 14, 2003. Regardless, an act taken by prison officials in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be permissible. *See Cain v. Lane,* 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988); ***Harris v. Fleming,* 839 F.2d 1232, 1237-1238 (7th Cir. 1988); *Murphy v. Lane,* 833 F.2d 106, 108-109 (7th Cir. 1987).** Material questions of fact remain regarding how the lines were run on the relevant dates, and whether there was any variance that could support plaintiff's claim. For example, plaintiff alleges he was always taken last, but there is no evidence that there was any inmate whose last name begins with a letter falling after "E" who was taken in line before plaintiff.

Defendants also argue that, based on defendant Selby's affidavit, the insulin lines are run in a total of 30 minutes, so any delay in plaintiff receiving his insulin was de minimis. Again, Selby's affidavit, based on a lone sample movement chart, is not specific enough to establish the defendants' assertion. Moreover, the harm necessary for a retaliation claim must be more than

10

de minimis, but need not be great, that which appears trivial in detail may be actionable in gross. *See Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Plaintiff's affidavit states that the delay caused pain and dizziness. **(Doc. 215-2, p. 4).** Again, material questions of fact preclude summary judgment based on this argument.

Insofar as plaintiff alleges that the defendants also retaliated against him by issuing false disciplinary reports, the defendants contend that plaintiff was issued only one disciplinary ticket, by defendant Gaynor, and it was actually only a reprimand for which plaintiff lost no privileges. The affidavit of Becky J. Williams, who is in charge of inmate master files, substantiates that assertion. **(Doc. 184-8, p. 5).** Plaintiff does not address this argument.

Because there is only evidence supporting a claim against defendant Gaynor for issuing a disciplinary ticket for retaliatory purposes, defendants Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Bret Shelton and Paula Roper are all entitled to summary judgment on this limited aspect of Count 5.

Returning to defendant Gaynor's liability, one disciplinary ticket issued for retaliatory purposes is sufficient. As noted above, the retaliatory act need not independently violate the constitution– no liberty interest must be involved. ***Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).** There is no evidence before the Court regarding the collateral consequences of a disciplinary warning of the sort issued by defendant Gaynor may entail, so the Court cannot say with certainty that the resulting harm is de minimis– otherwise, why would anyone bother issuing such an inconsequential reprimand? Therefore material questions of fact remain for trial.

**Qualified Immunity**

Qualified immunity shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).** The defendants argue that there is no evidence to support any violation of plaintiff's constitutional rights relative to his medical care. The Court construes this argument relative to the medical claims in Counts 1, 5 and 6.

The defendants do not question the basic legal principles underlying Counts 1, 5 and 6, which have been set forth above. Rather, the defendants are arguing that the factual scenarios at issue in this action fall outside of those prescribed parameters for liability. Because material issue of fact remain relative to Counts 1, 5 and 6, it is impossible to assess whether qualified immunity may be appropriate. The defendants should renew their argument at the appropriate time during trial.

**Official Capacity and the Eleventh Amendment**

The defendants argue that claims against them in their official capacity are barred by the Eleventh Amendment. Money damages may only be sought from the defendants individually; official capacity suits are actually suits against the State and the Eleventh Amendment bars such damages actions. ***Kentucky v. Graham*, 473 U.S. 159, 166-167 and 169 (1985).** Official capacity suits under Section 1983 for prospective injunctive relief are permissible. ***Owen v. Lash,* 682 F.2d 648, 654 (7th Cir.1982) (quoting *Edelman v. Jordan,* 415 U.S. 651, 677 (1973) (citing *Ex parte Young,* 209 U.S. 123 (1908); *Ford Motor Co. v. Dept. of Treasury,* 323 U.S.**

**459 (1945))) (internal citations and quotation marks omitted).**

A review of the amended complaint reveals that the defendants are all sued only in their individual capacities. **(Doc. 64, pp. 2-5).** Therefore, the defendants' argument is moot.

### Recommendation

For the aforestated reasons, it is this Court's recommendation that defendants Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton, Michael Holmes and Paula Roper's motion for summary judgment **(Doc. 183)** be granted in part and denied in part. More specifically if this Court's recommendations are adopted in full:

1. Defendants Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Bret Shelton and Paula Roper are all entitled to summary judgment on the aspect of Count 5 pertaining to the issuance of disciplinary tickets for retaliatory purposes; they remain defendants with respect to all other aspects of Count 5; and

2. Defendants Jarrod Selby, William Spence, Herb Hanks, Allen Brooks, Sean Gaynor, Bret Shelton, Michael Holmes and Paula Roper's motion for summary judgment is denied in all other respects; Counts 1, 5 and 6 against those defendants should proceed to trial.

**DATED: February 6, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 27, 2009**. No extensions will be granted.