IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PABLO ESTRADA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. **04-434-CJP** |
| ) | |
| **WILLIAM HAMBY, et al.**, ) | |
| ) | |
| Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is the "Suggestion of Death" filed by the defendants, indicating that plaintiff Pablo Estrada died August 22, 2009. **(Doc. 247).** Also before the Court is the pro se motion of Daniel Estrada, seeking to substitute himself as plaintiff, as the purported "Independent Administrator of the Estate of Pablo Estrada." **(Doc. 257).**

Federal Rule of Civil Procedure 25 provides that upon the death of a party, if the claim is not extinguished, there may be a substitution of parties, made by any party or by the decedent's successor or representative. **Fed.R.Civ.P. 25(a)(1).** A motion for substitution must be made within 90 days after the death is suggested upon the record, or the action must be dismissed as to the deceased party. *Id.*

The defendants filed the suggestion of death on September 15, 2009. **(Doc. 247).** On the last day of the prescribed period[1], Daniel Estrada filed his motion for substitution. **(Doc. 257).**

It is settled that a civil rights claim brought under 42 U.S.C. § 1983 is a claim that

---

[1] Out of an overabundance of caution the Court has included an additional three days pursuant to the "mailbox rule." **Fed.R.Civ.P. 6(d).**

survives under the Illinois Survival Act, 755 ILCS 5/27-6.  *See Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994); *Bennett v. Tucker,* 827 F.2d 63, 68 (7th Cir. 1987); and *Beard v. Robinson,* 563 F.2d 331, 333 (7th Cir. 1977).  A person has standing to bring a survival claim when he is appointed as executor or administrator of the decedent's estate under the Illinois Probate Act, 755 ILCS 5/9-4.  The Court granted movant Daniel Estrada until January 8, 2010, to submit documentation substantiating that has been appointed as executor or administrator of the estate of Pablo Estrada.  On January 12, 2010, Daniel Estrada submitted Letters of Office issued by the Probate Court in Lee County, Illinois, denoting Daniel Estrada as independent administrator of the Estate of Pablo Estrada.  **(Doc. 259).**

As administrator of the estate of Pablo Estrada, movant Daniel Estrada cannot proceed pro se, not even if he is the sole heir.  Corporations and other parties that are not natural persons can appear in the federal courts *only* through licensed counsel and may not appear pro se or through ordinary agents**.  *See Rowland v. California Mens Colony, Unit II Mens Advisory Council*, 506 U.S. 194, 202 (1993).**  Although individuals may represent themselves in federal court, an individual (who is not a licensed attorney) cannot represent any other individual or a legal abstraction, such as a corporation or trust, not even if that individual is the agent or administrator.  *See U.S. v. Taylor*, **569 F.2d 448, 451 (7th Cir. 1978) (law license requirement);** *Scandia Down Corp. v. Euroquilt, Inc.*, **772 F.2d 1423, 1427 (7th Cir. 1985) (corporate representation);** *Knoefler v. United Bank of Bismarck*, **20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer trustee could not represent trust);** *C.E. Pope Equity Trust v. United States*, **818 F.2d 696, 697-98 (9th Cir. 1987) (non-lawyer purported trustee could not represent trust).** Therefore, Daniel Estrada, as administrator of the estate of Pablo Estrada, may be able to be

substituted as the named plaintiff, but he cannot proceed without legal counsel.

Daniel Estrada was given until January 23, 2010, to have legal counsel formally appear in this action on his behalf.  The Court warned that if Daniel Estrada is not the executor or administrator of the estate of Pablo Estrada and/or he cannot secure legal counsel, the motion for substitution would be denied and this action would be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).  Daniel Estrada has cleared the first hurdle; he has established he is administrator of the estate.

Although a specific deadline was set by the Court, out an overabundance of caution the Court has waited an additional three days (*see* Fed.R.Civ.P. 6(d)) for counsel to enter this case.  No attorney has sought leave to enter this case on behalf of Daniel Estrada, administrator of the Estate of Pablo Estrada, nor has any reason been proffered for not securing the required representation.  This Court cannot postpone trial any longer.  In accordance with *Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003), dismissal is warranted.

**IT IS THEREFORE ORDERED** that the motion for substitution **(Doc. 257)** is **DENIED**.

**IT IS FURTHER ORDERED**, in accordance with  Federal Rule of Civil Procedure 25(a)(1), this action is **DISMISSED with prejudice**.  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED: January 26, 2010**

    **s/ Clifford J. Proud**
    **CLIFFORD J. PROUD**
    **U. S. MAGISTRATE JUDGE**